**STATE of Missouri, Plaintiff/Respondent,**

v.

**Kyle GARDNER, Defendant/Appellant.**

**Kyle GARDNER, Movant/Appellant.**

v.

**STATE of Missouri,
Defendant/Respondent.**

Nos. 70271, 71569.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 23, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

PER CURIAM.

Defendant Kyle Gardner appeals his conviction, after a bench trial, of burglary in the first degree, in violation of Section 569.160 RSMo 1994, and assault in the first degree (class B), in violation of Section 565.050 RSMo 1994, on which he was sentenced as a prior and persistent offender to ten years and fifteen years to be served concurrently. Gardner also appeals from a judgment denying on the merits, after an evidentiary hearing, his Rule 29.15 motion.

As to the direct appeal, no jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order. We affirm the judgment pursuant to Rule 30.25(b).

In his Rule 29.15 motion Gardner alleged his trial counsel was ineffective in eliciting testimony while cross-examining a police officer on Gardner's brother's statement which implicated Gardner in the assault. He also claims his attorney was ineffective in failing to advise him that counsel's opening statement was not evidence and that this failure affected his decision to not testify.

At the evidentiary hearing motion counsel adduced evidence from trial counsel about his cross-examination of the police officer re-

garding Gardner's brother's statements and also about his advice with respect to Gardner's decision not to testify. Motion counsel also introduced Gardner's deposition in which he testified to his misunderstanding about the nature of the opening statement and to what he would have testified if he had been called as a witness.

These allegations were two of many allegations raised in the motion and at the hearing. In its judgment the trial court identified specific allegations raised in the motion and entered extensive findings of fact and conclusions of law denying relief on those allegations. However, the judgment did not identify as an issue to be decided Gardner's claim that trial counsel was ineffective in not advising Gardner that the opening statement was not evidence and it did not address that claim.

■ Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. *State v. Gabbard*, 913 S.W.2d 362, 364–65 (Mo.App.1996). There are exceptions to this rule and generalized findings and conclusions will be deemed adequate if they are sufficient to provide meaningful review on appeal. *State v. Jackson*, 925 S.W.2d 856, 861 (Mo.App.1996).

■ None of the exceptions clearly apply. The generalized findings in this case were all addressed to the specifically identified issues. There are no findings of fact or conclusions of law addressed to the opening statement/failure to testify claim which provides this court with an adequate basis to meaningfully review the issue. Accordingly, this case must be remanded for specific findings and conclusions on this issue.

Gardner's claim about cross-examination concerned his brother's statement to police. The evidence adduced at the hearing was about his brother's statement. However, the judgment identified the issue as "movant's" statement. This may have been a clerical error. In any event, on remand the judgment should be corrected or new findings and conclusions entered so that the findings and conclusions address the issue in the context of Gardner's brother's statements.

The judgment of the trial court is affirmed. Rule 30.25(b). We reverse the motion court's judgment with respect to the issues herein raised and remand for entry of specific findings of fact and conclusions of law on the two claims which are the subject of this appeal.