Theo MORRISON, Jr., Movant–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

No. 24432.

Missouri Court of Appeals,
Southern District,
Division One.

May 29, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Theo Morrison ("Movant") appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing.[1] Movant alleged multiple instances of ineffectiveness by his trial lawyer which he claimed deprived him of his constitutional right to counsel. On appeal, Movant contends the motion court erred by not finding ineffective representation by his trial

---

1. All rule references are to Missouri Supreme Court Rules (2001), unless otherwise indicated.

lawyer in that his attorney did not adequately (a) investigate a written statement made to police by an eyewitness to the crimes, and (b) advise Movant about testifying which, in turn, caused Movant's "decision to not testify to be involuntary and unknowing." We affirm in part; we reverse and remand in part.

A jury convicted Movant of first degree assault, § 565.050, and armed criminal action, § 571.015, for the stabbing of Michael Clark ("Victim").[2] The trial court sentenced Movant to ten years in prison on the assault charge and five years for armed criminal action, to be served consecutively. On direct appeal, this court affirmed Movant's convictions and sentences by memorandum opinion pursuant to Rule 30.25(b). Thereon, Movant timely filed both *pro se* and amended motions for post-conviction relief per Rule 29.15. An evidentiary hearing was held, and the motion court entered an order denying post-conviction relief. This appeal followed.

Appellate review of a denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *State v. Ervin*, 835 S.W.2d 905, 928 (Mo.banc 1992). "The ... findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *Id.* at 928 [42].

To prevail on a claim of ineffective assistance of counsel, a movant must show: First, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

To obtain relief in a post-conviction case, a movant must prove both the performance and the prejudice prongs of the *Strickland* test, and if he or she fails to satisfy either prong, relief will be denied. *State v. Simmons*, 955 S.W.2d 752, 772 (Mo.banc 1997). In reviewing the performance prong, a movant must overcome a strong presumption that movant's trial counsel acted competently. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo.banc 1989). An appellate court's "scrutiny of counsel's performance must be highly deferential," and this presumption serves to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

■ Movant's first claim of motion court error is rooted in his allegation that his trial lawyer did not adequately investigate a written statement given to police by Cynthia Morrison, his estranged wife. Cynthia, who saw the melee that led to Movant being charged, was called as a defense witness in the criminal suit. Her direct testimony focused on Movant's justification defense, i.e., that Movant assaulted Victim in the reasonable belief such force was necessary to defend Movant's brother (Terry Morrison) from Victim's "use or imminent use of unlawful force" against Terry. *See* § 563.031. The State then attempted to impeach Cynthia's "justification" testimony by cross-examining her about inconsistencies between her at-trial testimony and her written statement to the

---

**2.** All statutory references are to RSMo (1994) unless otherwise stated.

police. When trial counsel objected that he had never seen Cynthia's statement before trial, the prosecutor pointed out that the police report (which had been given defense counsel) revealed that such a statement existed. At the post-conviction hearing, Movant's defense lawyer testified that had he been aware of Cynthia's statement to police, he "would have been more hesitant about calling her." However, he also testified he could not say that he definitely would not have called Cynthia as a witness.

Movant's allegations that trial counsel was ineffective because of his failure to adequately investigate Cynthia's statement is one of several allegations raised in the motion and at the hearing. In its judgment, the motion court identified specific allegations raised in the motion and entered findings of fact and conclusions of law on those allegations.[3] However, the judgment did not identify as an issue to be decided Movant's claim that his trial counsel was ineffective for failure to investigate Cynthia's statement, and it did not address that claim.

■ "Rule 29.15(j) requires the motion court to issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *Gardner v. State*, 952 S.W.2d 384, 385 [1] (Mo. App.1997). Exceptions to this rule do exist and "not every failure to enter a finding of fact or a conclusion of law requires reversal and remand." *White v. State*, 939 S.W.2d 887, 903 (Mo.banc 1997). "A finding of fact is not required where the only issue is one of law." *Burks v. State*, 952 S.W.2d 319, 320 [3] (Mo.App.1997). "In addition, an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." *White*, 939 S.W.2d at 903[39]. "[G]eneralized findings and conclusions will be deemed adequate if they are sufficient to provide meaningful review on appeal." *Gardner*, 952 S.W.2d at 385[2].

None of the exceptions clearly apply. The findings here were all directed to specifically identified issues. There are no findings of fact or conclusions of law relating to defense counsel's alleged failure to investigate Cynthia's statement to the police that provide this court with an adequate basis to meaningfully review the issue. *Id.* Accordingly, this case must be remanded for specific findings and conclusions on this issue.

■ In Movant's second claim of motion court error, he alleges his trial lawyer was ineffective in advising him of his right to testify at trial. Movant claims this "misadvice caused [Movant's] decision to not testify to be involuntary and unknowing[.]" The motion court found trial counsel's advice about Movant's right to testify was reasonable trial strategy. We agree. We affirm that part of the motion court's judgment denying Movant's claims of ineffective assistance of counsel based on advice given regarding Movant's right to testify.

■ The right to testify is a fundamental constitutional guarantee that is personal to a criminal defendant, but may

---

**3.** A related claim of ineffectiveness was ruled by the motion court; specifically, Movant's complaint that his lawyer failed to timely object to the State's use of Cynthia's statement to impeach her. The motion court relied on *State v. Beckerman*, 914 S.W.2d 861 (Mo.App. 1996) and *State v. Lay*, 896 S.W.2d 693 (Mo. App.1995), to hold that such a claim, i.e., trial counsel failed to adequately preserve the issue for direct appeal, was not cognizable in a post-conviction case. In this appeal, Movant has not challenged that ruling.

be waived by a defendant if done so voluntarily and knowingly. *Howard v. State,* 59 S.W.3d 586, 588–89 [5,7] (Mo.App.2001). "Without more, advice from counsel not to testify is not deemed ineffective assistance of counsel if it might be considered sound trial strategy." *Rousan v. State,* 48 S.W.3d 576, 585[13] (Mo.banc 2001). In many cases, the decision to testify is an extremely difficult decision, and absent exceptional circumstances, advice of counsel on the decision is a matter of trial strategy and not grounds for post-conviction relief. *State v. Holcomb,* 956 S.W.2d 286, 296[11] (Mo.App.1997).

At the evidentiary hearing, Movant testified that he wanted to testify at trial, but his attorney "told [Movant] that wouldn't be in [his] best interest that [he] testify because of [his] prior *convictions.*" (Emphasis supplied.) On appeal, Movant claims he had only one prior conviction in 1993 for possession of crack cocaine. Movant recognizes the proposition that once a defendant takes the stand to testify, he or she is subjected to cross-examination and impeachment as any other witness, and his or her credibility is subject to challenge by proof of prior convictions. *State v. Hoopingarner,* 845 S.W.2d 89, 94[16] (Mo.App. 1993). Movant insists the jury already had evidence before it linking him to illegal drugs, i.e., he was attempting to purchase marijuana. Therefore, he argues the prior conviction for possession would not have been harmful to his testimony.

Although three witnesses testified Movant was attempting to buy marijuana, Victim claimed Movant was at the crime scene "just kicking it." The jury may have believed Victim and disbelieved the other witnesses. The possibility of this is greater when, as here, the record is replete with testimony from various witnesses that is contradictory in many relevant respects. We are persuaded that trial counsel's advice to Movant that he should not testify because of his prior conviction for crack cocaine fell within the range of customary skill of a reasonably competent attorney under similar circumstances.

We are confirmed in our view upon noting that, although Movant argues he only had one conviction, the record reveals otherwise. After Movant was convicted, a presentence investigation was conducted, and that report indicated Movant was convicted in 1987 for two counts of burglary of a habitat in Richardson, Texas, for which he was sentenced to seven years of probation. Movant claims these were juvenile convictions although he was born February 13, 1968, making him nineteen in 1987.[4] Movant first stated the sentence *ended* in 1987. Then, Movant attempted to explain this discrepancy by claiming the incident happened in 1983 when he was sixteen, and it took four years to reach final conviction and sentencing.[5] Movant then changed his explanation again by claiming the probation ended in 1993.[6] Based on this evidence, the motion court found "Movant had prior criminal *convictions.*" (Emphasis supplied.) Movant has left this finding wholly unchallenged.

Based on these convictions, Movant's trial attorney's advice that it would not be in his best interests to testify was reasonable trial strategy. Moreover, Movant admitted he knew he could testify if he wanted to do so. Likewise, Movant stated he was satisfied that what he wished to relate to

4. In Texas, the juvenile court has exclusive jurisdiction over children under seventeen years of age. *Ex parte Waggoner,* 61 S.W.3d 429, 431 (Texas Crim.App.2001).

5. Movant would have turned fifteen in 1983.

6. This would have been six years of probation and not seven.

the jury was adequately conveyed through the testimony of two defense witnesses. The following testimony of Movant reveals he is attempting to accomplish that which *Strickland* strictly forbids: *"If I'd-a knew that it was going to make a real big difference, I would have testified then,* but, you know, I was already found guilty before I was even brought to trial." (Emphasis supplied.) A fair assessment of an attorney's performance requires that every effort be made to eliminate "the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. We find no ineffective assistance of counsel based on the advice Movant was given as this was reasonable trial strategy.

 Finally, although it is not necessary that we do so, we have considered whether Movant has shown he was prejudiced by his decision not to testify and conclude he has not met his burden in that regard. According to Movant, if he had taken the stand, he would have testified as follows:

> "[T]hat on October 29, 1998, [Movant] accompanied his brother Terry to [Victim's] residence. Once there, [Victim] and Terry had a confrontation in the front yard. [Victim] threw Terry down, straddled him and began to strike him with his fists. Another man, Steve Yearington, then began hitting Terry with a folding chair. Nelson Price then emerged from [Victim's] house with a large knife, approached the area where [Victim] had Terry pinned, and said he was going to kill everyone in the yard. Fearing for his brother's life, [Movant] then approached [Victim] and told him to let Terry up. [Victim] did not comply, and [Movant] then stabbed the much bigger [Victim] to get him off of

Terry. [Movant] would have testified that he believed that Terry was in danger for his life."

Each fact Movant alleges he would have testified to was already in evidence via testimony from Terry and Cynthia. The only testimony that would not have been duplicative is Movant's allegation that he subjectively believed his brother's life was in danger. However, the reasonableness of Movant's belief is to be measured by an objective test, i.e., "what a hypothetical ordinary reasonable and prudent person would have believed and how they would have reacted." *State v. Edwards,* 60 S.W.3d 602, 612[11] (Mo.App.2001). There is no reasonable probability that the result of the proceeding would have been different had Movant testified. We find no prejudice. Point denied.

That part of the judgment purporting to deny relief based on Movant's allegation of ineffective assistance of counsel for failure to investigate the existence of Cynthia Morrison's pre-trial statement to the police is reversed, and the cause remanded with directions to the motion court to enter findings of fact and conclusions of law. In all other parts, the judgment is affirmed.

MONTGOMERY, J., concurs.

BARNEY, C.J., concurs.