**Marvin L. LOTT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 26012.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 2004.

Michelle M. Rivera, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Marvin L. Lott, ("Movant") was charged with and convicted of first degree assault in violation of Section 565.050, armed criminal action in violation of Section 571.015, and first degree attempted robbery in violation of Section 564.011.[1] The conviction and sentences were affirmed in this court on August 27, 2001, in a memorandum decision. Before us now is Movant's appeal from the denial of a pro se motion for post-conviction relief, filed pursuant to Rule 29.15.[2] In his two points on appeal, Movant first contends the motion court erred in denying, without an evidentiary hearing, that trial counsel was ineffective for advising Movant to waive his right to testify and second for failing to call Movant's wife as an alibi witness to his whereabouts on the evening of the robbery. We disagree with Movant, find no error, and affirm the denial of his 29.15 motion.

In order for a Movant to be entitled to an evidentiary hearing, his motion must meet three requirements: 1) it must allege facts, not conclusions, that would warrant relief if true; 2) the record must not refute those facts; and 3) the matters complained of must have prejudiced the movant. *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. banc 1995).

Movant has a heavy burden to bear in overcoming the presumption by a preponderance of the evidence that trial counsel's performance was ineffective. *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Movant must demonstrate not only was counsel ineffective but he was prejudiced by counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). If Movant fails to satisfy either prong, relief will be denied. *State v. Simmons*, 955 S.W.2d 752, 772 (Mo. banc 1997).

A brief review of the facts will assist in the discussion of Movant's claims of ineffective assistance of counsel. On March 28, 2000, Geraldine Buckley was working the afternoon shift as a clerk at T & T Video located on Main Street in Sikeston, Missouri. Buckley worked at T & T Video for five years and had known Movant for that long because he used to come into the video store and not only rent movies, but also play pool. Buckley believed she had seen Movant more than twenty-five times.

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Supreme Court Rules (2003), unless otherwise stated.

Movant came into T & T Video twice the afternoon of March 28. The first time occurred between 7:00–7:30 p.m. where he scanned through the new releases by reading the back covers and then left without renting a movie. The second time occurred under not such normal circumstances. Movant came in around 8:00–8:30 p.m. with a white plastic bag over his head. Buckley could only see from the neck up because a long video rack obstructed her view from the rest of his body. He ran up to the clerk's counter, pointed a gun at Buckley, and demanded money. Buckley described the man as being heavy and taller than her.

When the man approached Buckley, he laid a bag on the counter for her to place the cash register money inside. In the midst of the chaos, however, he misplaced the bag and could not see clearly enough through the bag on his own head to find the money bag. To remedy his situation, he raised the bag up to the bridge of his nose giving his eyes a clear view and also giving Buckley a clear view of this masked man. Instantly recognizing him, Buckley shouted, "Marvin—Marvin, why you doing this to me. I've never done anything to you. Why do you want to do this to me[?]" Movant responded, "Bitch," shot her, and left just as the telephone rang.

Buckley answered the telephone and told the caller she had been shot and robbed. She then telephoned 911 and told the operator she had been robbed and Movant shot her. Buckley also identified Movant to Officer Williamson, a patrol officer, when he arrived at the video store shortly after the incident. Then again, when Buckley was taken to the hospital, she told Detective Blakley Movant was the man who shot and robbed her. Police, then, showed her a photo line-up and she identified Photo No. 3, which was the photo of Movant. At trial, Buckley again identified Movant as the man who shot her in T & T Video.

After Buckley placed the call to 911, police began searching the neighborhood for Movant and eventually found him at his home with his wife and children. Movant eventually came out of his house and the police escorted him to the police station. Detective Lawson searched Movant's car and found ten plastic bags, a pair of rubber gloves, and a partially used box of the same type of gloves. Later, police returned to Movant's house with a search warrant where Movant's wife led them to the bathroom. She showed them, in a ventilation shaft, a .45 caliber gun wrapped in a towel. Police found a paper box next to the gun containing seven .45 bullets. Walter Dandridge, a firearms and toolmark examiner for the Bureau of Alcohol, Tobacco and Firearms, conclusively determined that the shell recovered from the crime scene, near Buckley, was fired from the .45 caliber pistol found in Movant's bathroom ventilation shaft.

On October 16, 2000, the parties reached an agreement that in exchange for Movant's waiver of a jury trial, the state would ask for no more than concurrent terms of twenty, twenty, and fifteen years imprisonment in the event that the trial court found Movant guilty. The court did find Movant guilty on all three counts; one count of first degree assault, one count of armed criminal action, and one count of first degree attempted robbery. On November 15, 2000, Movant was sentenced to concurrent terms of twenty years, twenty years, and fifteen years.

■■■ Movant did not testify on his own behalf at trial. Movant contends the motion court erred in denying him relief for ineffective counsel when his counsel advised him to waive his right to testify and for not calling Movant's wife as a witness. He argues that he absolutely wanted to

testify but that counsel advised him against it because of his prior criminal history. As to Movant's decision not to testify, Movant argues that the judge was already aware of his prior convictions and, therefore, the advice not to testify was unreasonable.

 Although the right to testify is a fundamental constitutional right, it may be voluntarily and knowingly waived by the criminal defendant. *Morrison v. State*, 75 S.W.3d 893, 896–897 (Mo.App. S.D.2002). Counsel may advise defendant not to testify and this will be considered sound trial strategy as opposed to ineffective assistance of counsel. *Id.*

Movant claims had he been allowed to testify, he would have told the court he was at home during the time of the robbery. Movant challenged at trial the victim's identification of him in the commission of the crime; his strategy was he was misidentified by the video store clerk and he was not there at the time of the robbery. His now-claimed alibi adds little to that defense. Likewise, Movant's claim that his wife would have testified he was at home with her and their children between 7:30 and 8:00 p.m., at the time of the robbery, does little to enhance his defense or show any prejudice to him. The victim testified Movant first entered the store between 7:00 and 7:30 p.m. Movant's wife would supposedly testify Movant was home between 7:30 and 8:00 p.m. The robbery occurred at some time "around 8:00 p.m." Wife's purported testimony does not contradict any fact in evidence. We also note that defense counsel filed a motion in limine to keep out any statements by Movant's wife that "might be incriminating." We can surmise that had she taken the stand, other evidence damaging to Movant would have been introduced.

The overwhelming amount of evidence clearly implicates Movant in the robbery and shooting. Buckley, having known Movant for some time, identified Movant at the time of the crime. In her conversations to the 911 operator, to police officers when they arrived on the scene, to Detective Blakley at the hospital, in the subsequent photo lineup and then again at trial, the victim identified Movant as the shooter. Apart from the eyewitness's multiple identifications, the .45 caliber gun found hidden in Movant's house was proven to be the same weapon used in the commission of the crime. Movant, therefore, has not made a sufficient showing of prejudice from counsel's alleged ineffectiveness even if counsel did advise Movant not to testify or failed to call an alibi witness.

The judgment of the motion court is affirmed.

GARRISON, P.J., and PREWITT, J., concur.