**Darrin R. MEUIR, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 26931.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 2006.

Lisa M. Stroup, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

PHILLIP R. GARRISON, Judge.

A jury convicted Darrin R. Meuir ("Movant") of one count of robbery in the first degree, and one count of armed criminal action. He was sentenced as a prior and persistent offender to twenty years for the robbery conviction and ten years for the armed criminal action conviction, with the sentences to run concurrently. On direct appeal, this Court affirmed the first degree robbery conviction and sentence, and reversed the armed criminal action conviction and sentence in *State v. Meuir*, 138 S.W.3d 137 (Mo.App. S.D.2004).

A more complete description of the facts may be found in *Meuir*, 138 S.W.3d at 139–141. For the purposes of this appeal, however, it is sufficient to note that the evidence demonstrated that on September 13, 2001, Movant stayed in his car with a loaded .30–06 rifle while his companion, Christopher Shipman ("Shipman"), entered the Keller's Truck Stop in Miner, Missouri, at 3:00 a.m., wearing a gas mask and jersey gloves. Shipman pointed a .22 starter's pistol at the clerk, and took the cash drawer containing over $600. The clerk activated a silent alarm during the robbery, and a short time later, Movant and Shipman were arrested in Sikeston, Missouri. The arresting officers found the cash drawer with $618 in it, the .22 starter's pistol, gas mask, jersey gloves, and loaded .30.06 rifle in Movant's car. Shipman confessed to robbing the truck stop and later pled guilty to first-degree robbery. Movant was charged, tried and convicted as indicated above.

With regard to the first-degree robbery conviction, Movant filed a pro-se motion seeking post-conviction relief pursuant to Rule 29.15,[1] which was later amended by appointed counsel. Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing, raising three points of error. We affirm.

Movant raises three points on this appeal. In each he argues that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing on his claims of ineffective assistance of counsel. In Point I, he argues that counsel was ineffective in not moving to strike testimony concerning his prior convictions, in Point II, he asserts counsel was ineffective in not allowing him to testify at trial, and in Point III, he claims that counsel was ineffective in not asserting a duress defense.

■ We review a denial of a Rule 29.15 motion to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k); *Bryan v. State*, 134 S.W.3d 795, 798 (Mo.App. S.D. 2004). Clear error occurs when, "after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made." *Bryan*, 134 S.W.3d at 798; *see also State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

■ The issue on this appeal is "whether the trial court erred in refusing

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2005) unless otherwise indicated.

to grant him an evidentiary hearing on the above-described claims, not whether he is actually entitled to relief." *Bryan*, 134 S.W.3d at 798; *see Masden v. State*, 62 S.W.3d 661, 664–65 (Mo.App. W.D.2001). A hearing is only required when a movant has: "(1) allege[d] facts, not conclusions, that, if true, would warrant relief; (2) these facts must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Bryan*, 134 S.W.3d at 798 (quoting *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003)). If the record shows conclusively that Movant is not entitled to relief, no evidentiary hearing is required. Rule 29.15(h); *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997); *Bryan*, 134 S.W.3d at 798. The motion court's findings are presumed to be correct. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005).

In order to prevail on an ineffective assistance claim, Movant must show that: "(1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) counsel's poor performance prejudiced the defense." *Bryan*, 134 S.W.3d at 798–99; *see also State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). To establish prejudice, Movant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Bryan*, 134 S.W.3d at 799 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Movant must prove each portion of this two-pronged performance and prejudice test in order to prevail on his ineffective assistance of counsel claim. *Bryan*, 134 S.W.3d at 799. Failure to make an adequate showing as to one prong relieves the court from considering the other. *Bryan*, 134 S.W.3d at 799; *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Furthermore, trial strategy choices made by counsel are presumed to be reasonable, and it is not ineffective assistance of counsel to choose one reasonable course of action over another, equally reasonable choice. *Worthington*, 166 S.W.3d at 573.

■ In Point I, Movant argues that the trial court erred in not granting an evidentiary hearing on his claim of ineffective assistance of counsel regarding defense counsel's alleged failure to prevent Shipman from testifying about Movant's "priors," not having said testimony stricken from the record, and for not moving for a mistrial.

The evidence against Movant at trial was significant. He and Shipman visited the truck stop twice on the night of the robbery, on the first occasion they both entered and left after noticing a customer in the store. *Meuir*, 138 S.W.3d at 139–40. Upon returning approximately an hour later, Movant parked the car one hundred yards away from the truck stop, but in such a way as to be able to view the door which Shipman would be exiting. *Id.* Movant had a rifle in the front seat with him and it was positioned in such a manner that he could quickly bring it to a firing position toward the highway which served as their escape route. *Id.* at 139–40. Lastly, he and Shipman drove away together after Shipman held up the truck stop. *Id.* at 140. "Proof that a defendant acted as a lookout while someone else committed a robbery has been held to be sufficient ... to create accomplice liability." *Id.* at 144.

Movant now seeks to have that conviction overturned on the premise that the following statement so tainted the jury that but for its inclusion in Shipman's testimony, there was a reasonable probability that they would not have rendered a guilty verdict:

I probably could have got better time if I was to make a story up or whatever, man, being this is my first time down and he's (Movant) *had priors,* if I was to say that he was the man instead of me. (emphasis added).

The motion court determined that this testimony was not elicited by Movant's attorney and that it was an isolated comment. In light of the evidence against Movant, this single comment does not establish the prejudice prong of the ineffective assistance of counsel standard. There is not a reasonable probability that the outcome of the trial would have been different had this statement not been uttered by Shipman, or in the alternative was stricken from the record. *See Seals v. State,* 141 S.W.3d 428, 431 (Mo.App. S.D.2004).

Likewise, given the weight of the evidence and this testimony's isolated nature, we cannot say that had counsel raised it in a motion for a new trial, that it was reasonably probable that the trial court would have sustained the motion. Therefore, we are not left with the definite and firm impression that the motion court's determination that Movant failed to pled facts showing that Shipman's testimony prejudiced him, was a mistake. *See Worthington,* 166 S.W.3d at 573. Point I is denied.

■ In Point II, Movant argues that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing on his claim of ineffective assistance of counsel in that defense counsel, despite Movant's request to do so, did not call him as a witness at trial. Movant asserts that he was not aware that he had an absolute right to testify in his own defense even if his attorney advised against it. He alleges that had he been allowed to testify, the outcome of the trial would have been different because he would have given testimony which would have supported a duress defense. The motion court found this

assertion to be contrary to the record. In its findings of fact and conclusions of law the motion court points out that during the trial, the trial court informed Movant that he had the right to testify, that he had a right to inform counsel of his desire to testify and that it was Movant's decision as to whether or not to testify. Furthermore, following the trial, the trial court questioned Movant as to his satisfaction with defense counsel at which time he raised no objection to defense counsel not having called him as a witness. Movant alleges that the following exchange took place between he and the trial court:

> THE COURT: [Movant], your lawyer indicates at this time that she doesn't know whether or not you want to testify, and that you understand that you have the right to testify in this case. You cannot be compelled to testify. Nobody can call you up as an involuntary witness to testify in this case or compel you to give evidence against yourself, but if you do decide to testify in this case, then the State can ask you questions as to prior convictions, which would then be open to the jury in this case; do you understand?
>
> [MOVANT]: Yes, sir.
>
> THE COURT: You can let your lawyer know whether or not you want to testify, all right?

■ The right to testify in one's own defense is fundamental and may only be waived by the individual. *Simmons v. State,* 100 S.W.3d 143, 146 (Mo.App. E.D. 2003). An evidentiary hearing is required unless the record conclusively shows that Movant "voluntarily and knowingly waived the right to testify." *Id.* If such a waiver is found, "[a]bsent any exceptional circumstances, the advice by counsel on whether or not to testify is a matter of trial strategy and not grounds for post-conviction relief." *Lawrence v. State,* 160 S.W.3d 825,

831 (Mo.App. S.D.2005). Here, Movant clearly concedes that the trial court advised him of his right to testify and that the decision to do so or not was his. We agree with the motion court that the record refutes this portion of Movant's Rule 29.15 motion. As such we are not left with the firm belief that the motion court's decision to deny the evidentiary hearing as to this point was a mistake. Point II is denied.

In Point III, Movant argues that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing on his claim of ineffective assistance of counsel regarding counsel's failure to present the affirmative defense of duress.[2] Movant's Point III is intertwined with Point II in that the only evidence of duress Movant alleges should have been presented was his own testimony. Movant argues that defense counsel was ineffective in not calling him as a witness so that he could testify that he participated in driving Shipman from the truck stop under duress.

In the absence of a showing to the contrary, counsel is presumed to have provided effective counsel. *West v. State,* 159 S.W.3d 847, 849 (Mo.App. S.D.2005). "The presumption is that the challenged action was sound trial strategy." *Id.* The decision whether or not to place a defendant in the witness chair is a difficult one. It has been repeatedly held that when a criminal defendant has knowingly and voluntarily waived his right to testify, absent extraordinary circumstances, an ineffective assistance of counsel claim will not lie in defense counsel's decision not to call him as a witness. *Lott v. State,* 147 S.W.3d 842, 845 (Mo.App. S.D.2004); *see also Morrison v.*

*State,* 75 S.W.3d 893, 896–897 (Mo.App. S.D.2002); *State v. Holcomb,* 956 S.W.2d 286, 296 (Mo.App. W.D.1997).

Movant's testimony may have had the affect of countering evidence presented at trial that Movant knew, at least after the fact, of Shipman's actions in the truck stop and participated in driving the car away from the location of the crime. However, the motion court found that defense counsel declined to call Movant as a witness because Movant's prior criminal history could have been used against him. "Reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Worthington,* 166 S.W.3d at 573 (quoting *Cole v. State,* 152 S.W.3d 267, 270 (Mo. banc 2004)).

The facts pled in Movant's Rule 29.15 motion focus entirely on the prejudice prong of the ineffective assistance of counsel test in that the defense of duress was available and that had it been put before the jury, the outcome would have been different. As to the performance prong however, Movant failed to plead facts which would have shown that defense counsel failed to use the degree of skill, care and diligence of a reasonably competent attorney in choosing not to present the affirmative defense of duress by calling Movant to testify. Nothing in Movant's motion alleged what a reasonably competent attorney would have done under these circumstances. Given the presumption that defense counsel's trial strategy is reasonable, we are not left with a definite and firm impression that the motion court's determination that Movant failed to assert facts showing that defense counsel was

**2.** Movant specifically argues that defense counsel was ineffective in not submitting a

MAI–CR 3rd 310.24 instruction on the issue of duress.

ineffective, was a mistake. As such Point III is denied.

Based up the record we are not left with the firm and definite belief that the motion court's denial of Movant's Rule 29.15 motion without an evidentiary hearing was erroneous as to any of Movant's three points. Accordingly, the judgment of the motion court is affirmed.

BATES, C.J., and SHRUM, P.J., concur.