Kevin **ROBERTS**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. ED 88263.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 14, 2007.

Edward Scott Thompson, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Stephanie L. Wan, co-counsel, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Movant Kevin Roberts ("Roberts") appeals from the motion court's judgment denying his Rule 29.15 post-conviction relief motion for ineffective assistance of counsel without an evidentiary hearing. We affirm.

Roberts was charged with one count of statutory rape in the first degree and one count of statutory sodomy in the first degree. Roberts's first trial ended in a mistrial because the jury was unable to reach a verdict. Roberts was retried before a jury and subsequently convicted. The evidence from trial pertinent to this appeal, and viewed in the light most favorable to the verdict, is as follows.

L.B., the victim, was three years old when Roberts began seeing L.B.'s mother, Yvonnia Brooks ("Ms.Brooks"). L.B. and Ms. Brooks are hearing-impaired and use sign language to communicate. Soon after meeting Roberts, Ms. Brooks, L.B., L.B.'s brother, and Roberts moved to an apartment on Tennessee Avenue in the City of St. Louis. Beginning when L.B. was five years old and while they were living on Tennessee Avenue, Roberts began touching L.B. in a sexual way. When L.B. was ten years old, the family moved to a house on Virginia Avenue, where L.B. testified the situation became even "worse." Roberts began to have sexual intercourse with L.B. L.B. testified Roberts had intercourse

with her many times. L.B. was too scared to tell her mother.

Shortly after L.B.'s twelfth birthday, Roberts moved out of the Virginia Avenue house. About six months later, a friend of L.B.'s mother noticed that L.B. began engaging in flirtatious and seductive behavior. L.B. told this friend that a man had sexually taken advantage of her and that she was too scared to tell her mother. This friend told Ms. Brooks and then reported the matter to the Division of Family Service. L.B. was subsequently interviewed by the Children's Advocacy Center and by Dr. James Monteleone, a pediatrician and Director of Child Protection at Cardinal Glennon Children's Hospital, whose examination revealed evidence of sexual abuse.

At trial, Roberts testified in his own defense and denied touching L.B. inappropriately or that he raped her. Roberts was convicted of one count of statutory sodomy in the first degree and one count of statutory rape in the first degree. Roberts was sentenced to two concurrent terms of twenty years' imprisonment. Roberts appealed and this Court affirmed his convictions. *State v. Roberts*, 83 S.W.3d 604 (Mo.App. E.D.2002). Roberts filed an amended motion to vacate, set aside or correct the judgment and sentence, and a request for an evidentiary hearing. The motion court denied Roberts's motion for post-conviction relief without an evidentiary hearing. This appeal follows.

■ Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are "clearly erroneous." *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996), *cert. denied*, 519 U.S. 933, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

To prove ineffective assistance of counsel, Roberts must show that his counsel "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and that he was prejudiced by his counsel's failure to competently perform. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice exists when there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Id.* at 694, 104 S.Ct. 2052. The benchmark for judging ineffectiveness is whether counsel's conduct so undermined the adversarial process that the trial cannot be relied upon as having produced a just result. *State v. Miller*, 935 S.W.2d 618, 624 (Mo.App. W.D.1996).

■ In his first point on appeal, Roberts argues the motion court clearly erred in denying, without an evidentiary hearing, his claim that his trial counsel was ineffective for failing to object to the court's response to a jury question because the response did not answer the question, correct the jury's misapprehension of the law or alleviate the juror's concerns. Roberts also alleged that his counsel was ineffective because he failed to offer the court a response which informed the jury of its responsibility to convict only if the jury believed Roberts committed the acts alleged in the verdict director for that offense.

The verdict director given to the jury for the charge of statutory sodomy in the first degree stated as follows, in pertinent part:

> As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about January 1, 1996 thru July 30, 1998, in the
>
> City of St. Louis, State of Missouri, the defendant placed his penis in the mouth of [L.B.], and
>
> Second, that such conduct constituted deviate sexual intercourse,
>
> and
>
> Third, that at that time [L.B] was less than twelve years old, then you will find the defendant guilty under Count II of statutory sodomy in the first degree.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.
>
> As used in this instruction, the term 'deviate sexual intercourse' means any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person. . . .

During their deliberations, the jury sent the following question to the court:

> The specific charge states the defendant used his penis in her mouth. Under the definition of sodomy [sic], a dildo, finger, or penis could be used on the victims [sic] mouth, tongue or anus. Is this the *only* accusation that he can be charged [with] for statutory sodomy [sic]?

The court responded as follows: "You must be guided by the instructions as the Court has given them to you."

The motion court rejected Roberts's claim of ineffective assistance of counsel due to counsel's alleged failure to object to the court's response to the jury question and his failure to propose an alternative response. Specifically, the motion court stated:

> The instruction set forth the specific conduct charged and the instruction stated that unless the jury found 'beyond a reasonable doubt each and all of these propositions, you must find defendant not guilty of that offense.' It is apparent that this instruction directly answered the question and that the instruction provided the guidance movant claims should have been given in response to that question. The Court does not believe it would have been appropriate to inquire of the jurors about their discussions during deliberations where the jury was properly instructed.

■■■ The response to a jury question is within the trial court's sound discretion, "and the practice of exchanging communications between the judge and jury is not commended." *State v. Guinn*, 58 S.W.3d 538, 548 (Mo.App. W.D.2001). "Neutral and generic responses about being guided by the evidence presented and to follow the instructions previously given are therefore not only the safest but the most favored [response]." *Id.* When a trial court gives instructions to the jury that are correct, clear and unambiguous, then it is not improper for the trial court to instruct the jury to be guided by those instructions. *Id.*

Here, the statutory sodomy instructions given to the jury were correct, clear and unambiguous. The instructions clearly set forth the elements that the jury would have to find in order to convict Roberts of

statutory sodomy and the jury is presumed to follow these instructions. Because we find these instructions to be proper, the trial court did not err in directing the jury to be guided by these instructions. As such, any objection Roberts's trial counsel would have made regarding the court's response to the question would have been without merit and his trial counsel was not ineffective for failing to do so. Point denied.

■ In his second point on appeal, Roberts argues the motion court clearly erred in denying, without an evidentiary hearing, his claim that his trial counsel was ineffective for failing to investigate and present evidence relating to the protective order that Ms. Brooks unsuccessfully attempted to obtain against him. Roberts argues the evidence of the protective order would have impeached Ms. Brooks by demonstrating that (1) the petition for the order of protection did not mention the sexual abuse of L.B., impeaching her credibility; (2) Roberts was no longer staying with the Brooks family in March 1998, contradicting L.B.'s claim that the last incident of abuse occurred in July 1998; and (3) Ms. Brooks and L.B. were biased against him.

The motion court rejected Roberts's claim, finding that:

> To prevail on a claim that counsel was ineffective for failing to present impeachment evidence, movant must show that the failure was outside the realm of trial strategy and that the evidence would have presented a viable defense. Movant must show specific discrepancies that could have been pointed out through preparation; otherwise the court is merely speculating as to prejudice....
>
> This Court does not believe the failure of defense counsel to present evidence regarding the order of protection proceeding had an impact on the outcome of

the case. This petition does not state if or when movant allegedly moved out of the dwelling, contains no assertions relevant to whether he was residing in the dwelling in July 1998, does not contain any evidence inconsistent with [Ms. Brooks's] statement that she reported the conduct when she found out about it and movant has presented no evidence regarding what occurred at the hearing on a full order of protection.

■ We agree with the motion court. "[T]he failure to impeach a witness will [not] constitute ineffective assistance of counsel unless such action would have provided a viable defense or changed the outcome of the trial." *State v. Ferguson*, 20 S.W.3d 485, 506 (Mo. banc 2000), *cert. denied*, 531 U.S. 1019, 121 S.Ct. 582, 148 L.Ed.2d 499.

Here, Roberts's defense at trial was that he did not abuse L.B. Any effort by his trial counsel to investigate and introduce evidence that Ms. Brooks attempted, without success, to obtain an order of protection against him would not have aided his defense or changed the outcome of the trial. As the motion court pointed out, Ms. Brooks's petition for an order of protection did not confirm if and when Roberts moved out of that residence or if he was living at that residence during the time L.B. was being abused.

Roberts also submits in this point that Ms. Brooks could have been impeached by her failure to mention in the petition that Roberts sexually abused L.B. However, the petition is not inconsistent with Ms. Brooks's testimony at trial that she reported the sexual abuse of L.B. by Roberts when she learned of it, which was subsequent to the time of the filing of the petition for protective order.

Finally, Roberts argues that the petition would have demonstrated Ms. Brooks's

bias against him. However, Ms. Brooks had already testified at trial that she and Roberts no longer got along and argued a great deal, particularly about Roberts not working, not paying the bills and always drinking.

As such, Roberts's trial counsel was not ineffective for failing to investigate and present evidence relating to the protective order, and the motion court's findings are not clearly erroneous. Point denied.

The motion court's judgment is affirmed.

AFFIRMED.

GEORGE W. DRAPER III, J., and PATRICIA L. COHEN, J., concur.