**Diallo C. DAVIDSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93050.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 2010.

Melinda K. Pendergraph, Assistant Public Defender, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Diallo Davidson (Movant) appeals from the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15[1] motion. Movant first asserts that the motion court clearly erred in denying his claim, after a hearing, that trial counsel was ineffective for failing to object to Movant wearing shackles during the trial without the trial court finding that Movant was a security threat. Additionally, Movant asserts that the motion court clearly erred in denying him an evidentiary hearing on his claims that trial counsel was ineffective for failing to: impeach a key State witness with documentary evidence; object to or file a motion to suppress a State witness's identification of Movant based on a photograph of Movant published in a newspaper and failing to object to the admission of the newspaper itself; and allow Movant to testify at trial. We affirm.

### Background

The evidence at Movant's trial established the following: On January 5, 2004, Movant purchased a single pill of what he believed to be synthetic heroin. Movant tested the pill but determined that it was not actually synthetic heroin. Movant then pursued the seller and his two companions in a high-speed car chase through the City of St. Louis. Movant's girlfriend, Hollie Pruitt, and their son were also in the car with Movant. Movant eventually cornered the three men's car on a dead-end street. Movant pulled a gun from his waistband and shot repeatedly at the car. The seller of the pill died from a single gunshot wound to his cervical spine. Movant also wounded the driver, Kevin Page. The third man fled the scene apparently unwounded.

The State charged Movant with one count of murder in the first degree, two counts of assault in the first degree, and three counts of armed criminal action. Before trial, Movant's trial counsel filed a motion in limine to prevent the State from referencing Movant's arrest for the murders of two other men in connection with Page's identification of Movant as the shooter. Trial counsel expected Page to testify that he recognized Movant during

---

1. All rule references are to Mo. Sup.Ct. R. (2009), unless otherwise indicated.

the shooting because Movant had been pictured in a newspaper with the two murdered men. Page remembered the photographs because he had been friends with the two victims. The photographs had appeared in a 2002 edition of the Evening Whirl, a St. Louis "Crime Fighting Publication." The trial court ruled that Page could refer to the photographs but not to the underlying murders.

During jury selection, the trial court discovered that the sheriff had placed leg shackles on Movant because of security concerns without the trial court's prior approval. The restraints consisted of a leg brace underneath Movant's clothing and leg shackles with a connecting chain on the outside of Movant's clothing. The trial court determined that the shackles were not visible to the jury and permitted the shackles to remain on Movant. Trial counsel did not object to the shackling but moved chairs in front of counsel's table to obscure the jury's view of the shackles.

At trial, the State called seven witnesses including Pruitt and Page. During cross-examination, Movant's trial counsel attempted to impeach Pruitt's testimony by suggesting the State and police coerced Pruitt's testimony. To that end, trial counsel introduced prior inconsistent statements from Pruitt's pre-trial deposition. Trial counsel also cross-examined Pruitt regarding inconsistent statements made during the police investigation. Trial counsel did not confront Pruitt with the letters she wrote to Movant while Movant was in jail. Trial counsel also chose not to use jail records demonstrating, contrary to Pruitt's pre-trial deposition testimony, that she visited Movant in jail after his arrest.

Page testified that during the car chase and shooting he recognized Movant from a picture he had seen in the Evening Whirl several years previously that showed Movant with two of Page's friends. During Page's testimony, the State showed him the newspaper. Page identified each of the people in the picture, including Movant. Over trial counsel's objection, the State moved for admission of the newspaper, and the trial court admitted it.

After the State rested and Movant called his only witness, the trial court examined Movant regarding whether he planned to testify. The trial court told Movant that it did not intend to interfere in his decision to testify, that the decision was solely Movant's, and that unless the trial court heard from Movant, it assumed that Movant was not going to testify. Movant acknowledged that he understood that the decision was his and that he did not intend to testify. Movant did not testify.

The jury convicted Movant of all six counts. The trial court sentenced Movant to life without parole, three consecutive life sentences and fifteen and ten years concurrent to the life sentences. At the sentencing hearing, the trial court examined Movant to determine if he received effective assistance of counsel. Movant stated only that trial counsel had failed to: (1) contact witnesses that Movant identified, and (2) introduce evidence of letters to Pruitt that suggested the State coerced her testimony. Movant did not complain that trial counsel did not allow him to testify. This Court affirmed Movant's conviction on appeal. *State v. Davidson*, 242 S.W.3d 409 (Mo.App. E.D.2007).

Movant timely filed a *pro se* Rule 29.15 motion. Appointed counsel later amended the motion incorporating all of Movant's *pro se* allegations. In his amended motion, Movant alleged fifteen separate incidents of ineffective assistance of counsel and requested an evidentiary hearing on each of the claims. The motion court granted an evidentiary hearing on three of Movant's claims, including trial counsel's

failure to object to the shackling of Movant. Trial counsel testified at the hearing, and post-conviction counsel submitted Movant's deposition. In its judgment, the motion court denied all of Movant's claims of ineffective assistance of counsel. This appeal followed.

### Standard of Review

Our review of the motion court's denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009); *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Zink*, 278 S.W.3d at 175. In making this determination, we presume the motion court's findings are correct. *Id.*

### Discussion

To prevail on a claim of ineffective assistance of counsel, a movant must show both that counsel failed to meet the standard of a reasonably competent attorney under similar circumstances and that this failure prejudiced the movant. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). However, there is a strong presumption that trial counsel acted professionally. *Id.*; *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). To establish prejudice, the movant must show that but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. *Smith v. State*, 276 S.W.3d 314, 316 (Mo.App. E.D.2008). The movant must meet his or her burden by a preponderance of the evidence. *Zink*, 278 S.W.3d at 175. If the movant cannot show either a deficient performance or prejudice, then this Court need not consider both. *Smith*, 276 S.W.3d at 316.

To obtain an evidentiary hearing, a movant must show that: (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Forrest v. State*, 290 S.W.3d 704, 715–16 (Mo. banc 2009). An evidentiary hearing is not required when the record conclusively shows that a movant is not entitled to relief. Rule 29.15(h); *Barnett v. State*, 103 S.W.3d 765, 770 (Mo. banc 2003).

### 1. Shackling

In his first point on appeal, Movant argues that the motion court clearly erred in denying his claim, after a hearing, that trial counsel was ineffective because she did not object to the trial court's failure to find that Movant posed a security risk before the sheriff shackled Movant. The Due Process Clause generally prohibits the use of visible shackles on a defendant during the guilt and sentencing phases of a trial. *Deck v. Missouri*, 544 U.S. 622, 629–33, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). The Supreme Court in *Deck* stated that "where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation." *Id.* at 635, 125 S.Ct. 2007. The Fifth and Fourteenth Amendments prohibit the use of visible shackling because it "undermines the presumption of innocence and the related fairness of the factfinding process." *Id.* at 630, 125 S.Ct. 2007. However, the prohibition on shackling during a trial is limited to restraints that are actually visible to the jury. *Zink*, 278

S.W.3d at 185–86. Visible shackles can also be used if the trial court determines, in its discretion, that there is a specific state interest, such as the potential for escape or violence, in using the restraints on the instant defendant. *Deck,* 544 U.S. at 629, 125 S.Ct. 2007.

During the trial, the sheriff placed restraints on Movant without the trial court's permission or knowledge. The restraints consisted of a leg brace underneath Movant's clothing and shackles around his ankles with a connecting chain on the outside of Movant's clothing. After discovering that Movant was wearing restraints, the trial court stated that the restraints were not visible to the jury. Trial counsel did not object but moved chairs in front of the defense table after expressing concern that a juror could potentially see the restraints from certain angles.

At the evidentiary hearing on this claim, trial counsel testified that the restraints were not visible to the jury and that no obvious sounds came from the shackles. In Movant's deposition, he testified that the jury probably could not have seen the shackles and that he was not sure if the jury heard or recognized the noise of the shackles. The motion court found that the restraints were not visible to the jury and denied Movant's claim.

The record reflects that both trial counsel and Movant established that the shackles were not actually visible to the jury. The Constitutional protections for criminal defendants discussed in *Deck* do not apply if the shackles were not, in fact, visible to the jury. *Deck,* 544 U.S. 622, 125 S.Ct. 2007; *Zink,* 278 S.W.3d at 185–86. Because the shackles were not actually visible, the trial court did not need to make a finding that Movant was a security risk. The motion court, therefore, did not clearly err in denying Movant's claim because Movant failed to establish that any prejudice resulted from trial counsel's failure to object to the shackling. Point denied.

### 2. *Impeachment of Pruitt*

In his second point on appeal, Movant argues that the motion court clearly erred in denying him a hearing on his claim that trial counsel was ineffective for failing to impeach Pruitt's testimony with her letters and with jail records allegedly demonstrating that Pruitt had a motive to fabricate her testimony and had actually lied. Trial counsel's decisions regarding trial strategy do not generally provide a basis for a claim of ineffective assistance of counsel. *Forrest,* 290 S.W.3d at 708.

Trial counsel's decision as to the extent of the impeachment of a witness is a matter of trial strategy. *White v. State,* 939 S.W.2d 887, 897 (Mo. banc 1997). "In virtually every case, the extent of cross-examination must be left to the judgment of counsel." *Id.* Moreover, trial counsel's failure to impeach a witness does not alone constitute ineffective assistance of counsel. *Id.* To establish ineffective assistance for counsel's failure to impeach a witness, the movant must show that the impeachment of the witness would have provided the defendant a viable defense or otherwise changed the outcome of the trial. *Black v. State,* 151 S.W.3d 49, 55 (Mo. banc 2004); *Roberts v. State,* 232 S.W.3d 581, 585 (Mo.App. E.D.2007). Impeachment testimony that negates an element of the crime for which the movant was convicted provides a viable defense. *Whited v. State,* 196 S.W.3d 79, 82 (Mo.App. E.D. 2006).

At trial, Pruitt admitted that she had three prior convictions for drug offenses in response to questioning by Movant's trial counsel. Trial counsel also used a prior inconsistent statement from Pruitt's pretrial deposition to impeach her testimony. Trial counsel elicited an admission from

Pruitt that she had changed her version of the events during the course of the police investigation. Pruitt admitted that she only changed her story after the police had confronted her with information they already knew about the crime.

Although the motion court did not order an evidentiary hearing on these claims, the motion court permitted Movant's post-conviction counsel to question trial counsel about the letters during the evidentiary hearing on Movant's other claims. Trial counsel testified that prior to trial she reviewed the letters and concluded that they did not contain any useful impeachment material. Consistent with trial counsel's undisputed testimony, the motion court found that trial counsel made a strategic decision not to use the letters at trial. The motion court also noted that trial counsel conducted an extensive cross-examination of Pruitt regarding her prior convictions, prior inconsistent statements, and her motives to lie. Given the record, the motion court properly denied Movant a hearing on his claim that trial counsel was ineffective in failing to use Pruitt's letters for impeachment purposes.

The motion court also properly denied without a hearing Movant's claim of ineffective assistance based on the jail records because Movant failed to allege facts warranting relief. *Forrest*, 290 S.W.3d at 715–16. The jail records established that Pruitt lied during her deposition about when she had last spoken with Movant. This evidence would neither have provided Movant with a viable defense nor changed the outcome of the trial. *Roberts*, 232 S.W.3d at 585. Accordingly, Movant failed to plead facts entitling him to relief. Point denied.

### 3. *Page's Identification of Movant*

In his third point on appeal, Movant claims that the motion court clearly erred in denying him a hearing on his claim that

trial counsel was ineffective for failing to either file a motion to suppress or object to Page's identification of Movant based on the photograph of Movant in the Evening Whirl. In his claim, Movant also contends that trial counsel was ineffective for her failure to object to the admission of the newspaper itself. Movant argues that because of the Evening Whirl's reputation, any reference to Movant's picture in the Evening Whirl was improper evidence of Movant's prior bad acts. Movant also alleges that improper police conduct tainted Page's identification. Movant finally argues that trial counsel should have objected to the admission of the newspaper because it improperly bolstered Page's testimony.

As a preliminary matter, we cannot address Movant's claim regarding trial counsel's failure to object to Page's identification of Movant on the basis of improper police tactics. We are unable to review claims that were not properly presented to the motion court in the Rule 29.15 motion. *Goodwin v. State*, 191 S.W.3d 20, 41 (Mo. banc 2006); *Rhodes v. State*, 157 S.W.3d 309, 315 (Mo.App. S.D.2005). In his amended Rule 29.15 motion, Movant did not allege that Page's identification was improperly suggestive because of improper police tactics.

Generally, the State may not introduce evidence of uncharged crimes or other bad acts by the defendant to demonstrate the defendant's predisposition to commit crimes. *State v. Sheridan*, 188 S.W.3d 55, 65 (Mo.App. E.D.2006). This rule prevents the State from introducing any evidence that "shows the defendant committed, was accused of, was convicted of, or definitely was associated with the crime." *Id.* However, vague or speculative references to the defendant's involvement in other crimes do not constitute evidence

of the defendant's direct association with a crime. *State v. McMilian,* 295 S.W.3d 537, 540 (Mo.App. W.D.2009); *Sheridan,* 188 S.W.3d at 65. Counsel has no duty to object to admissible evidence or make other non meritorious objections. *Jackson v. State,* 205 S.W.3d 282, 288 (Mo.App. E.D. 2006); *State v. Plummer,* 860 S.W.2d 340, 353 (Mo.App. E.D.1993).

Before trial, Movant's trial counsel filed a motion in limine to prevent the State from eliciting testimony that connected Movant to two prior murders on the grounds of relevance and unfair prejudice. Movant had been pictured in an Evening Whirl article regarding two murders for which Movant had been arrested. Movant expected that Page would testify that he recognized Movant during the shooting because of the article. The trial court ruled that the State could use the photograph as part of Page's identification but could not mention the murders.

At trial, Page testified that he recognized Movant as the shooter because Page had seen Movant's picture in the Evening Whirl along with two other men. In response to the State's questioning, Page identified all of the men pictured, including Movant. The State then moved for admission of the newspaper. Movant's trial counsel stated that she renewed his earlier objection, but the trial court admitted the evidence over Movant's objection. After the State finished its presentation of evidence, it requested permission to pass the exhibits including the newspaper to the jury. Trial counsel objected, but the trial court allowed a copy of the photographs to be passed with the references to the murders redacted. No evidence was introduced that directly connected Movant to the earlier murders.

The motion court properly denied Movant a hearing on the grounds that the record conclusively refuted Movant's allegations because trial counsel had filed a motion in limine, had objected at trial, and included the claimed error in Movant's motion for new trial. The trial transcript reveals that contrary to Movant's claims, trial counsel did, in fact, object when the State moved for admission of the newspaper.

The motion court also properly denied Movant an evidentiary hearing on his claim that trial counsel was ineffective for failing to object to evidence of prior bad acts because Movant failed to allege facts warranting relief. *Forrest,* 290 S.W.3d at 715–16. In the absence of a specific connection to a crime, Movant's association with the Evening Whirl is, if anything, merely a vague reference to criminal activity and is insufficient to connect Movant with prior bad acts. *Sheridan,* 188 S.W.3d at 65. Because the references to the newspaper were not evidence of prior bad acts, trial counsel cannot be held to be ineffective for failing to object. *Jackson,* 205 S.W.3d at 288; *Plummer,* 860 S.W.2d at 353. Point denied.

### 4. *Movant's Waiver of Right to Testify*

In his final point on appeal, Movant claims that the motion court clearly erred in denying him a hearing on his claim that trial counsel was ineffective for failing to allow Movant to testify. Movant alleges that trial counsel told him that he could not testify because the jury would presume he was guilty because of his shackles. Movant argues the record does not conclusively refute this allegation as the trial court's warnings about the right to testify were ambiguous.

Criminal defendants have a fundamental right to testify in their own defense. *Meuir v. State,* 182 S.W.3d 788, 793 (Mo.App. S.D.2006). Only the defendant can waive the right to testify. *Id.*

When a movant alleges ineffective assistance of counsel based on a failure to call the defendant to testify, the motion court must grant an evidentiary hearing unless the record shows that the defendant made a knowing and voluntary waiver of the right to testify. *Id.* However, if the defendant did in fact make a knowing and voluntary waiver, then trial counsel's advice on whether or not to testify generally will be a matter of trial strategy. *Id.* Matters of trial strategy do not provide a basis for post-conviction relief. *Zink,* 278 S.W.3d at 176. For the trial court to grant an evidentiary hearing, the movant must also allege facts regarding the proposed testimony. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993); *Allen v. State,* 50 S.W.3d 323, 327 (Mo.App. W.D.2001).

After the State rested and Movant called his only witness, Movant's trial counsel stated that she believed that Movant did not want to testify. Before submitting the case to the jury, the trial court questioned Movant regarding his right to testify:

> THE COURT: Mr. Davidson, it's not my desire to interfere with any decisions you and your lawyer make, but we need to be clear on one thing. You have the right to testify or not to testify, as you alone choose. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: And so unless I hear something to the contrary from you, I will assume that you and your lawyer are in agreement about whether you testify or not, okay?
> THE DEFENDANT: (Nodding head affirmatively).
> THE COURT: Do you understand me?
> THE DEFENDANT: Yes, I understand.

After the trial court sentenced Movant, it examined Movant regarding the assistance of his counsel. During this examination, Movant did not complain about trial counsel's failure to call him as a witness.

In his amended Rule 29.15 motion, Movant claimed that trial counsel was ineffective for refusing to allow Movant to testify but did not allege any facts describing the proposed testimony. The motion court found that the trial court had informed Movant of his right to testify and that Movant "unequivocally indicated he understood his right and that he accepted trial counsel's decision not to call him as a witness." The motion court denied the claim without a hearing on the grounds that Movant's claim was refuted by the record, which showed that the trial court informed Movant of his rights and Movant acquiesced in counsel's decision not to call him as a witness.

Relying on *State v. Blewett,* Movant argues that the trial court's warnings and questions were ambiguous. 853 S.W.2d 455, 460–61 (Mo.App. W.D.1993). In *Blewett,* the court remanded for an evidentiary hearing because the motion court determined that it was in the defendant's best interests not to testify and the trial court's questioning indicated that the defendant had not yet made a decision to testify. *Id.* By contrast, in this case, the trial court's questioning showed that it believed Movant had already made a decision not to testify and that he understood his right to testify. The record conclusively refutes Movant's allegations.

Movant also cannot show prejudice because he failed to allege facts about the content of his proposed testimony. A mere allegation of prejudice without details about the proposed testimony is insufficient to warrant an evidentiary hearing. *Starks,* 856 S.W.2d at 337. Accordingly, Movant failed to allege facts sufficient to show a reasonable probability that the out-

come of his trial would have been different. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., concur.