**Lewis JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 96976.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 31, 2012.

Gwenda Reneé Robinson, Saint Louis, MO, For Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, For Respondent.

## OPINION

GLENN A. NORTON, Judge.

Lewis Johnson appeals the judgment denying his Rule 29.15[1] motion for post-

---

1. All references to Rules are to Missouri Supreme Court Rules (2012).

conviction relief after an evidentiary hearing. We affirm.

## I. BACKGROUND

Johnson was charged with second-degree drug trafficking (Count I) and first-degree trespassing (Count II). The case was tried twice. The first trial resulted in a hung jury, and a new trial was granted.

At the second trial, Johnson's trial counsel ("Counsel") told the jury in his opening statement, "You're going to hear when Mr. Johnson testifies, that he has no less than eight prior convictions for possession of controlled substance." The jury found Johnson guilty of Counts I and II. The trial court sentenced Johnson to eleven years' imprisonment for Count I and six months' imprisonment for Count II with the sentences to run concurrently. Johnson appealed his convictions and sentences, which this Court affirmed in *State v. Johnson*, 307 S.W.3d 217 (Mo.App. E.D.2010). Thereafter, Johnson filed a Rule 29.15 motion for post-conviction relief alleging that he was denied the right to effective assistance of counsel. Specifically, Johnson claimed that Counsel was ineffective for unreasonably promising Johnson's testimony to the jury in his opening statement and inducing Johnson's involuntary waiver of his right not to testify for fear of breaking that promise. After an evidentiary hearing, the motion court denied Johnson's Rule 29.15 motion for post-conviction relief. Johnson appeals.

## II. DISCUSSION

### A. Standard of Review

We review the denial of a Rule 29.15 motion for post-conviction relief only to determine if the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009).

Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is under a definite and firm impression that a mistake has been made. *Davidson v. State*, 308 S.W.3d 311, 316 (Mo.App. E.D.2010). Further, there is a presumption that the motion court's findings are correct. *Id.*

### B. The Motion Court did not Clearly Err

In his sole point on appeal, Johnson claims that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because he was denied effective assistance of counsel. We disagree.

Courts apply the two-prong *Strickland test* in cases of post-conviction relief alleging ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Zink*, 278 S.W.3d at 175. In order to be entitled to post-conviction relief for ineffective assistance of counsel, Johnson must show that: (1) Counsel did not exercise the care and diligence of a reasonably competent attorney, and (2) as a result, Johnson was prejudiced. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Zink*, 278 S.W.3d at 175. Johnson must overcome a strong presumption that Counsel's performance was reasonable and effective to meet the first prong of the test. *Zink*, 278 S.W.3d at 176. To satisfy the second prong, Johnson must prove that without Counsel's failure, there is a reasonable probability that the outcome would have been different. *Id.* Johnson must prove his claim for post-conviction relief by a preponderance of the evidence. Rule 29.15(i).

Here, Johnson claims Counsel was ineffective because Counsel forced him to testify by telling the jury in his opening statement that Johnson would be testify-

ing. However, at the evidentiary hearing Counsel testified that he believed Johnson would be testifying when he gave his opening statement and that he never told Johnson he had to testify. Instead, Counsel only advised and encouraged Johnson to testify because Johnson was the only person who could give the full story on which Counsel based his theory of the case.

"A trial counsel's advice not to testify is not deemed ineffective assistance of counsel if it might be considered trial strategy." *Hurst v. State*, 301 S.W.3d 112, 118 (Mo. App. E.D.2010). Counsel stated that he usually has defendants testify when the defendant can provide an alternative theory to the government's case. He said this had been a successful trial strategy for him in the past, and it was his strategy in this case for multiple reasons. First, Johnson testified in the first trial which resulted in a hung jury. Consequently, Counsel recommended Johnson testify again in the second trial. Second, Johnson was the only person who could give the full story of the night of the arrest and provide an alternative to the government's case. Third, while Counsel said he encouraged Johnson to testify after his opening statement, he did so because he believed it would not look favorable to the jury if Johnson did not testify.

The motion court denied Johnson's motion for post-conviction relief because "[Counsel] was credible when he said that he believed movant was going to testify at the time he made his opening statement and that he advised but did not force movant to testify" and "[Counsel] had a valid strategic reason for wanting to present Mr. Johnson's testimony to the jury." We defer to the motion court's credibility findings. *Bradley v. State*, 292 S.W.3d 561, 566 (Mo.App. E.D.2009). Nothing in the record shows that the motion court clearly erred in finding that Counsel was not ineffective. Therefore, Johnson's sole point on appeal is denied.

### III. CONCLUSION

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and SHERRI B. SULLIVAN, J., concurs.