**STATE of Missouri, Plaintiff/Respondent,**

v.

**Cleveland HOPSON, Defendant/Appellant.**

No. 65706.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 10, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 15, 1995.

Thomas C. Antoniou, Shaw, Howlett & Knappenberger, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

█ Defendant appeals from his conviction of voluntary manslaughter and armed criminal action by a jury and the court imposed concurrent punishments as a prior and persistent offender of 25 and 10 years respectively. We reverse and remand.

Defendant was charged with second degree murder in the death of his brother, Leonard. On New Years eve 1992, defendant, his brother, and his uncle (also named Leonard Hopson) began celebrating. They consumed large portions of beer, some vodka, and smoked crack cocaine. The brothers began arguing and the arguments persisted for a lengthy period of time, well into the early morning hours. The residence in which all three were living was a two room apartment for which defendant paid the rent from his Social Security disability checks. His disability arose from an earlier gunshot wound and had left him with a paralyzed right arm up to and including the shoulder. Defendant and the uncle slept in the living room on couches and brother Leonard slept in the back bedroom. Through the night the uncle slept intermittently and Leonard would move back and forth between his bedroom and the living room to continue the argument with defendant. The defendant brought a gun from the kitchen area which was part of the living room and concealed it in the couch. On one occasion Leonard advanced toward defendant, defendant pulled the gun from the couch, the gun discharged and the bullet struck Leonard resulting in his death. The blood alcohol of the deceased was two and one half times the amount necessary for him to be considered intoxicated.

The defendant introduced substantial evidence of prior occasions when his brother had physically attacked him resulting in broken bones and stab wounds in the abdomen requiring extensive hospital treatment. He testified that he drew the pistol for the purpose of scaring his brother, that he intended to fire it in a direction away from his brother, that his brother reached out and grabbed the gun and it discharged. He testified that because of his brother's manner, the previous assaults, and his physical disability he feared for his physical safety at the time he drew the gun from the couch. The uncle's testimony was less than clear but it supported defendant's testimony that the gun discharged when Leonard reached out for it and touched it.

Both the defendant and the state requested instructions on self-defense and the court gave the state's instruction. The court gave an instruction on voluntary manslaughter but refused the defendant's requested instruction on involuntary manslaughter apparently on the basis that it was inconsistent with the self-defense instruction. Defendant premises error on the failure to give the involuntary manslaughter instruction. We agree.

█ The state contends that the error is not preserved because the requested instruction was not set out in the argument portion of defendant's brief as required by Rule 30.06(e). Despite this omission an appellate court may review a claim of instructional error where the refused instruction is a pattern instruction as this one was. *State v. Smith*, 850 S.W.2d 934 (Mo.App.1993) [16]. The issue before us does not deal with the adequacy or correctness of the instruction requested but with the question of law of whether it was required to be given in view of the evidence. Our review of that issue is in no way hampered by the absence of the instruction in the brief.

█ A defendant is entitled to an instruction on any theory which the evidence tends to establish. *State v. Arbuckle*, 816 S.W.2d 932 (Mo.App.1991) [l.c. 935]. In determining the degree of an offense which is to be submitted to the jury a defendant is entitled to an instruction which is supported by the evidence and any inferences which logically flow from the evidence. *Id.* Sec. 556.046.2 provides: "The court shall not be obligated

to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." The preceding paragraph of that statute defines "included offenses" to be, among others, an offense "specifically denominated by statute as a lesser degree of the offense charged". Sec. 565.025.2(2) lists the lesser degree offenses for murder second degree to be (a) voluntary manslaughter under subdivision (1) of subsection 1 of section 565.023 and (b) Involuntary manslaughter under subdivision (1) of subsection 1 of section 565.024. Involuntary manslaughter under that subsection occurs if the person "[r]ecklessly causes the death of another person". Sec. 562.016.4 provides: "A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

From the above the following conclusions may be drawn. Involuntary manslaughter based upon reckless conduct is a lesser degree of offense to murder second degree. As such it must be instructed upon if defendant requests it and if it is supported by the evidence. Defendant requested an instruction on involuntary manslaughter.

■ The evidence supported an involuntary manslaughter instruction. Defendant had been drinking heavily and smoking cocaine. A jury could conclude that at the time he retrieved the gun from the kitchen area, at the time he withdrew it from the couch, and at the time he brandished it he was in an impaired condition from the alcohol and drugs. It could also find that a person in an impaired condition who intends to fire the weapon as a warning in a confined area is acting in a reckless fashion as defined in the statute. The factual situation is very similar to *State v. Miller,* 772 S.W.2d 782 (Mo.App. 1989), *State v. Vincent,* 785 S.W.2d 805 (Mo. App.1990), and *State v. Isreal,* 872 S.W.2d 647 (Mo.App.1994). The jury could have found that defendant did not intend to kill his brother thereby acquitting defendant of second degree murder but acted recklessly thereby convicting him of involuntary manslaughter.

The state asserts that an involuntary manslaughter instruction is inconsistent with self-defense and for that reason was properly refused. We are aware of cases which hold that self-defense arises from the intentional act of the defendant and accident, reckless or otherwise, from an unintentional act and the two are therefore inconsistent. *See State v. Sivils,* 589 S.W.2d 617 (Mo.App.1979) [4, 5]. We are also aware of the exception that both are to be instructed on if there is evidence to support each unless defendant's personal testimony is relied upon to support both. *State v. Henson,* 552 S.W.2d 378 (Mo.App.1977) [3]. *But see State v. Isreal, supra* at [2]. We do not feel it necessary to analyze this case within that framework. Here the defendant repeatedly and with complete consistency denied he fired the shot at his brother or that he ever intended to. The fact situation is closely akin to *State v. Sivils, supra* at [3] where the court in concluding that defendant was not entitled to a self-defense instruction stated:

"More importantly, however, Sivils consistently maintained that the discharge of his weapon was accidental, that he never had any intent to shoot the victim and that the unfortunate event resulted from the struggle when the victim grabbed Sivils' arm."

If self-defense and involuntary manslaughter are so inconsistent that only one can be given here, the evidence supported involuntary manslaughter much more than self-defense. Defendant's action in producing the gun from the couch and in brandishing it could legitimately be contended to be acts of self-defense if he were being tried for assault or for brandishing. But the charge here was murder second degree and defendant's evidence was that the discharge of the weapon was not intentional and did not occur in order to defend himself. He did not, by his evidence, intend to kill or injure his brother in self-defense or otherwise. There was no evidence to the contrary. Defendant requested both self-defense and involuntary manslaughter instructions and was not requested to elect which. If the trial court was

required to refuse one because of inconsistency as the State contends, it should have been self-defense.

The jury here returned a verdict with the least degree of culpability submitted to it other than acquittal. The sentence imposed by the court exceeded the maximum which could have been imposed for involuntary manslaughter. The evidence supported an involuntary manslaughter instruction and defendant requested it. The trial court's failure to give the instruction was prejudicial error requiring a new trial. We have reviewed the only other point which might reoccur on retrial, the propriety of the intoxication instruction, and find defendant's contentions to be without merit.

Judgment reversed and cause remanded for new trial.

KAROHL and WHITE, JJ., concur.