**STATE of Missouri, Plaintiff/Respondent,**

v.

**John R. JONES, Defendant/Appellant.**

**No. 67262.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 7, 1996.

Burton H. Shostak, Deborah J. Westling and Michael S. Ghidina, Moline & Shostak, L.L.C., Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Asst. Attorney General, Jefferson City, for Respondent.

CRANDALL, Judge.

Defendant, John R. Jones, appeals from his judgments of conviction, following a jury trial, of murder in the second degree and armed criminal action. Defendant was sentenced, as a prior and persistent offender to two concurrent terms of life imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. The evidence, viewed in the light most favorable to the verdict, reveals that defendant and victim, Glenn Robinson, were acquainted. Victim had shot and seriously injured defendant on two prior occasions.

On May 15, 1993, defendant shot and killed victim outside a neighborhood liquor store at the corner of Goodfellow and Wabada in the City of St. Louis. One eyewitness to the shooting testified that he observed the defendant walking west on Wabada. He saw defendant enter a house at 5815 Wabada, and exit it a few minutes later. He then watched defendant walk east on Wabada toward the liquor store. The eyewitness heard two gun-

shots and when he looked in the direction of the liquor store he saw defendant chasing victim and shooting at victim with a handgun.

Another witness testified that he observed defendant hiding behind a barbecue pit beside the liquor store. This witness stated that when victim walked out of the liquor store, the defendant advanced on him and began shooting. The witness testified that defendant then chased the victim and shot at him. He stated that victim fell, and then defendant shot him in the back of his head.

Defendant testified at trial. He admitted that he shot and killed the victim, but claimed that he acted in self defense. He testified that when he exited the liquor store, the victim turned to face him and pulled a weapon out of his pants. Defendant said that he then pulled his weapon out and began firing at victim. Defendant stated, "I started to shoot because I knew the man was going to kill me." No weapon was found on victim's body.

The jury convicted defendant of murder in the second degree and armed criminal action.

In his first point, the defendant claims the trial court erred in instructing the jury on self-defense because the instruction that was given failed to instruct the jury that if the defendant reasonably believed that he was in imminent danger of serious bodily injury from the acts of the victim and he reasonably believed that the use of deadly force was necessary to defend himself, then the defendant acted in lawful self-defense.

■ If there is substantial evidence putting self-defense in issue, the court is required to instruct the jury on self-defense. *State v. Griffin*, 859 S.W.2d 816, 820 (Mo. App.W.D.1993). In determining whether a self-defense instruction is required, the court must view the evidence in the light most favorable to the theory propounded by the defendant. *State v. Lannert*, 889 S.W.2d 131, 134 (Mo.App.E.D.1994). "A defendant is entitled to an instruction on any theory which the evidence tends to establish." *State v. Hopson*, 891 S.W.2d 851, 852 (Mo.App.E.D. 1995).

■ The self-defense instruction as given followed the format of MAI–CR3d 306.06.

Generally, an instruction which complies with the applicable MAI–CR will not be deemed error. *State v. Lawson*, 876 S.W.2d 770, 775 (Mo.App.S.D.1994). Defendant argues that the instruction was faulty because the jury was instructed:

> But a person is not permitted to use deadly force, that is, force which he knows will create a substantial risk of causing death or serious physical injury, unless he reasonably believes he is in imminent danger of death.

Defendant claims this instruction should have concluded "or serious physical injury." This paragraph in MAI–CR reads:

> ■ But a person is not permitted to use deadly force, that is, force which he knows will create a substantial risk of causing death or serious physical injury, unless he reasonably believes he is in imminent danger of (death) (or) (serious physical injury) (or) (rape) (or) (sodomy) (or) (kidnapping).

Defendant also complains of the omission of the term "or serious physical injury" in a following paragraph of the instruction.

The "How to Use" section of MAI–CR3d provides guidance for using the approved instructions: "In the instructions, parentheses enclose words or phrases which will be either omitted or included, depending upon the facts of the case being submitted." MAI–CR3d "How to Use" XLII.

Here, defendant's evidence, viewed in the light most favorable to him, was that he shot the victim because he was in imminent fear of death. Defendant did not vary from his claim that he shot the victim because he believed that the victim was going to kill him; therefore, his testimony did not support the inclusion of the phrase "or serious physical injury." The given instruction complied with the applicable MAI–CR and was supported by the evidence. Defendant's first point is denied.

In his second point, defendant challenges several discretionary rulings made by the trial court. We have reviewed the record; no error of law appears. A written opinion on this point would have no jurisprudential

value. Defendant's second point is denied. Rule 30.25(b).

Defendant's judgments of conviction are affirmed.

CRAHAN, P.J., and DOWD, J., concur.