**STATE of Missouri, Respondent,**

v.

**Antoine HILL, Appellant.**

No. ED 74953.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 2000.

---

1. . Ms. Daye's motion for damages for frivolous appeal is denied.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

### KENT E. KAROHL, Judge.

The state charged defendant with murder in the first degree and armed criminal action. The jury found defendant guilty of the included offense of voluntary manslaughter and armed criminal action. Defendant appeals consecutive sentences totaling seventeen years.

Defendant testified he was the victim of an unprovoked assault by Kendrick Holmes in the bathroom of the Cut Above Lounge. Holmes was much larger than defendant and severely intoxicated. Defendant secured a .38 caliber revolver from his pocket and shot Holmes in the left temple. There was an eyewitness. Defendant stepped over the body, left the lounge and went to the parking lot. A security guard stopped defendant and another individual in the parking lot where they were pushing a truck. The security guard summoned the police. The revolver was never found.

Defendant also testified he initially told the police he had not shot Holmes. In addition to his oral statement, he gave a signed written statement and a video taped statement. The court permitted the state to show the video for the jury during cross-examination of defendant.

■ Defendant's three unpreserved errors are not plain errors. First, the state's cross-examination regarding defendant's prior convictions was invited by his denial of prior convictions on direct examination. Second, rejecting defendant's proposed question to a medical examiner about the effect of Holmes' intoxication on defendant, to support his theory of self-defense, did not deprive defendant of the defense where the undisputed evidence was Holmes was very intoxicated. Finally, the state's reference to "reasonable doubt" in voir dire was not error, plain or otherwise. The reference exactly tracked MAI–CR 3 rd 100.02. These points are denied.

Defendant argues the trial court erred in refusing to submit one of two verdict directing instructions which he tendered to submit the included offense of involuntary manslaughter. He contends his statements on the video would support a finding that he recklessly caused the death of Holmes. We do not have the video. However, the prosecutor asked, "in your video taped statement you said you didn't mean for it to happen?" He answered, "Yes, sir." During his live testimony defendant described the assault, which included an oral threat by Holmes, and movement of

Holmes' hand which defendant concluded was an attempted robbery with a weapon. Defendant used his gun believing it was necessary to protect himself.

 Involuntary manslaughter is a lesser-included offense of first degree murder. Section 565.025. A court must instruct on a lesser-included offense only if the evidence established a basis for acquittal of the greater offense and conviction of the lesser-included offense. Section 556.046.2 RSMo 1994; *State v. Coleman*, 949 S.W.2d 137, 142 (Mo.App. W.D.1997). A defendant is entitled to a requested instruction which is supported by the evidence and any inferences which logically flow from the evidence. *State v. Hopson*, 891 S.W.2d 851, 853 (Mo.App. E.D.1995). The court should submit a requested instruction, "if the evidence arguably shows lack of an essential element of the higher offense which would not only authorize acquittal of the higher, but sustain conviction of the lesser." *State v. Isreal*, 872 S.W.2d 647, 649 (Mo.App. E.D.1994).

In deciding on how to instruct a jury, a trial court must "resolve all doubts regarding the evidence in favor of instructing on the lower offense." *State v. Yacub*, 976 S.W.2d 452, 453 (Mo.1998). Upon review, we view the evidence in the light most favorable to the defendant. *State v. Cole*, 377 S.W.2d 306, 307 (Mo.1964).

We originally rejected defendant's argument and affirmed the conviction and sentence. The Supreme Court ordered a transfer of this case. Thereafter, it decided *State v. Beeler*, 12 S.W.3d 294 (Mo. banc 2000) and retransferred this appeal. The State concedes "that *Beeler* requires the reversal and remand for new trial."

Accordingly, we reverse and remand for a new trial.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.