

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| KRISTEN SCHALLON, | ) | No. ED99733 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael Mullen |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 30, 2014 |

The movant, Kristen Schallon, appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. A jury had convicted the movant of committing 45 sexual offenses against his stepdaughter when she was between the ages of eight and 16. These convictions included 15 counts of second-degree statutory sodomy committed between August 1996 and August 1999.[1] The Circuit Court of the City of St. Louis had entered judgment against the movant, and sentenced him to concurrent terms of imprisonment totaling 30 years, namely 19 sentences of 30 years each for the counts of forcible sodomy, forcible rape, and first-degree statutory sodomy; 16 sentences of seven years each for the counts of second-degree statutory sodomy and attempted second-degree statutory sodomy; and ten sentences of one year each for the counts of first-degree sexual misconduct.

---

[1] The State charged count 19 as occurring between August 7, 1996 and August 6, 1999, the same period cited for all the other counts of second-degree statutory sodomy. The verdict director for count 19, however, stated this incident occurred between August 7, 1995 and August 6, 1999.

This post-conviction appeal involves 12 of the 15 counts of second-degree statutory sodomy, for which the court sentenced the movant to concurrent terms of imprisonment of seven years on each count. The movant asserts that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction on these 12 counts. We conclude that appellate counsel was not ineffective. First, viewing the evidence and inferences therefrom in the light most favorable to the verdict, the evidence was sufficient to support the movant's conviction of each of the 12 counts of second-degree statutory sodomy at issue. Second, because post-conviction counsel denied appellate counsel access to her complete file and notes on the movant's case, forcing appellate counsel to speculate about her reasoning, decisions, and strategy on appeal, her testimony was robbed of its probative force. As a result, the movant failed to rebut the presumption that appellate counsel performed effectively and that her decisions resulted from reasonable strategy. We affirm the motion court's judgment.

At trial, the victim described numerous sexual offenses the movant committed against her on a daily basis over the course of eight years. She stated that she did not recall a day when she and the movant were in the same house that abuse did not occur. She explained that the movant abused her in the house, in the garage, in the car behind the garage, in the backyard, in the park, in the car on the street, and in the car in a parking lot. The victim testified to numerous incidents when the movant touched her vagina with his fingers. She stated that the abuse grew progressively worse, and described how the movant would enter her bedroom at night. The victim recalled that "I would wake up, and his fingers were already inside of my vagina . . . ." Sergeant Mickey Owens of the St. Louis Metropolitan Police Department interviewed the movant upon his arrest.

2

Sergeant Owens testified that the movant admitted that he put his finger inside the victim's vagina, and that this occurred inside the house, both in the living room and the victim's bedroom, in his car parked on the street, and in his car in the garage. Sergeant Owens testified that the movant admitted abuse occurred daily from the time the victim was about eight years old until she ran away at the age of 16 to get away from him. On cross-examination, Sergeant Owens confirmed that the movant told him the abuse occurred in the park, in the car, and in the house.

A jury convicted the movant of 45 sexual offenses against his stepdaughter, namely 15 counts of forcible sodomy in violation of section 566.060 RSMo. (Supp. 1990, 1994, Supp. 1998); three counts of forcible rape in violation of section 566.030 RSMo. (Supp. 1990, Supp. 1993); one count of first-degree statutory rape in violation of section 566.032 RSMo. (1994) ;[2] 15 counts of second-degree statutory sodomy in violation of section 566.064; one count of attempted second-degree statutory sodomy in violation of section 564.011 and 566.064; and ten counts of first-degree sexual misconduct in violation of section 566.090.

On direct appeal, this Court vacated one of the movant's convictions for forcible sodomy, and remanded to the trial court to vacate one of two convictions arising from the same act of sexual misconduct and to correct the movant's sentence on the count of attempted second-degree statutory sodomy. *State v. Schallon*, 341 S.W.3d 795 (Mo. App. E.D. 2011). This Court affirmed in all other respects. The movant did not challenge on direct appeal any of the 12 counts involved in the instant appeal.

Following adjudication of his direct appeal, the movant sought post-conviction relief on five bases. He asserted that appellate counsel was ineffective for failing to

___

[2] All statutory references are to RSMo. (1994) except as otherwise indicated.

3

challenge on direct appeal the sufficiency of the evidence on 12 counts of second-degree statutory sodomy. He claimed that trial counsel was ineffective for failing to object to an incorrect definition of "deviate sexual intercourse" in the verdict-directing instructions for all 15 counts of second-degree statutory sodomy, for failing to request a lesser-included offense instruction for one of the counts of second-degree statutory sodomy, and for failing to move to dismiss 22 of the various charges based on the statute of limitations. The movant also claimed that the written sentence and judgment contained multiple clerical errors.

The motion court conducted an evidentiary hearing at which appellate counsel testified. Appellate counsel summarized her actions in preparing the brief, including compiling the statutes in effect at the time of each offense. She stated, however, that "without having my file here, I don't know if I can fully answer the question [about preparing the brief] but those [things] are what I remember." She observed that the movant's brief took her longer to prepare than five average appeals combined. After refreshing her recollection with the brief, appellate counsel was able to summarize the points raised on direct appeal. She recalled, after reviewing this Court's opinion, that the State conceded reversible error on three of her four points, and that this Court granted relief on those issues.

Post-conviction counsel allowed appellate counsel to review the file briefly before the hearing, but denied her the opportunity to have all of her notes before her while she testified. Appellate counsel stated that she reviewed every count, took notes on each, and made some determination about whether to include them in the direct appeal. However,

4

she could not remember precisely what that determination was with regard to the 12 counts at issue here. She stated three times that she could only speculate.

In an offer of proof, post-conviction counsel stated that she gave appellate counsel the opportunity to review the file more than two months earlier, and again immediately before the hearing. Post-conviction counsel acknowledged that she brought to the hearing only some of appellate counsel's notes.

In its order, the motion court observed that post-conviction counsel would not allow appellate counsel to consult her file from the appeal, including her notes made during preparation of the brief, and that appellate counsel "was not able to recall and provide probative answers regarding this claim." The motion court declined to find appellate counsel ineffective when post-conviction counsel "would not permit her to provide proper answers regarding her handling of the appeal." The motion court also noted that the evidence at trial would allow the jury to infer that the movant's conduct in connection with these offenses involved more than touching and that penetration occurred.

The motion court granted relief on the movant's claim that trial counsel was ineffective for failing to object to the incorrect definition of "deviate sexual intercourse" in the verdict-directing instructions for all 15 counts of second-degree statutory sodomy. The motion court vacated those counts and returned them for a new trial rather than entering a judgment of acquittal. The motion court reasoned that the instructional error constituted a procedural error, and "it is apparent that a submissible case likely can be made, or was made, as to these counts." [3] The court stated that it would correct the

---

[3] The motion court's award of a new trial does not affect the appealability of the issue presented here, which is that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence.

5

clerical errors in the written sentence and judgment in a separate order. The motion court rejected the movant's remaining two claims of ineffective assistance of trial counsel.

The movant appeals only the motion court's denial of relief for his claim of ineffective assistance of appellate counsel. Our review of a motion court's denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Johnson v. State*, 388 S.W.3d 159, 162-63 (Mo. banc 2012); *Davidson v. State*, 308 S.W.3d 311, 316 (Mo. App. E.D. 2010). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Johnson*, 388 S.W.3d at 163; *Davidson*, 308 S.W.3d at 316.

The movant alleges ineffective assistance of appellate counsel. To prevail, the movant must establish that counsel failed to raise a claim of error that was so obvious that a competent and effective attorney would have recognized and asserted it. *Tisius v. State*, 183 S.W.3d 207, 215 (Mo. banc 2006). The alleged error must have been sufficiently serious so as to create a reasonable probability that, had it been raised, the outcome of the appeal would have been different. *Id*. The movant has the burden to prove a claim for post-conviction relief by a preponderance of the evidence. Rule 29.15(i); *Holman v. State*, 88 S.W.3d 105, 109 (Mo. App. E.D. 2002). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at

---

Merely because a post-conviction movant has received some relief does not mean he cannot adjudicate whether he should have received further relief.

110 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Appellate counsel has no obligation to present every issue asserted in the motion for new trial when she makes a strategic decision to cull some arguments in favor of others. *Id.*

In the 12 counts at issue here, the State charged the movant with committing second-degree statutory sodomy by touching the victim's vagina with his hand between August 7, 1996 and August 6, 1999, when the victim was between the ages of 14 and 16. Section 566.064.1 at that time provided that "[a] person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." During this time, "deviate sexual intercourse" meant "any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Section 566.010(1).

The movant argues that the statute in effect at the time of the charged offenses did not define "deviate sexual intercourse" to include hand-to-genital contact that did not result in penetration. Because "deviate sexual intercourse" is an essential element of second-degree statutory sodomy, contact that at the time in question did not meet the statutory definition of "deviate sexual intercourse" could not constitute second-degree statutory sodomy. The movant contends that the evidence was insufficient to support his conviction of 12 of the counts of second-degree statutory sodomy. Appellate counsel did not raise this issue on direct appeal, and the movant asserts that appellate counsel was thus ineffective.

When faced with a challenge to the sufficiency of the evidence, we accept as true all evidence favorable to the State, including all favorable inferences drawn from the evidence, and we disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). We limit our review to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id*. The motion court ruled only "that a submissible case likely can be made, or was made, as to these counts." This ruling does not adequately address the question of submissibility. We have reviewed the evidence to determine whether sufficient evidence exists to support the movant's convictions for the 12 counts of second-degree statutory sodomy at issue here.

The victim testified to numerous incidents when the movant touched her vagina with his fingers. She described awakening at night to find the movant's fingers already in her vagina. Sergeant Owens testified that the movant admitted putting his finger inside the victim's vagina, and abusing the victim on a daily basis from the time she was eight years old until she left home at age 16. The movant told Sergeant Owens that abuse occurred inside the house, both in the living room and the victim's bedroom, in his car parked on the street, in his car in the garage, and in the park, locations that corresponded to the victim's account of specific incidents.

Viewing the evidence and inferences therefrom in the light most favorable to the verdict, we hold that the evidence was sufficient to support the movant's conviction of each of the 12 counts of second-degree statutory sodomy at issue. Consequently, appellate counsel could not be ineffective for failing to challenge the sufficiency of the evidence on these counts on direct appeal.

Furthermore, the motion court conducted an evidentiary hearing at which appellate counsel testified. Appellate counsel characterized her review of the file shortly before the hearing as "hasty at best." She explained that she had asked to have all of her notes when she testified, and she repeated that request while on the stand. She stated that post-conviction counsel had not warned her that she would not have all her notes available at the evidentiary hearing. In an offer of proof, post-conviction counsel acknowledged that she brought to the hearing only some of appellate counsel's notes.

Appellate counsel could not remember the details of the case with any precision. When asked why she did not challenge the sufficiency of the evidence on the 12 counts at issue, appellate counsel stated:

> I remember specifically, and my notes reflect—looking at each and every count. . . . So I took notes on the issue and I did not raise them [sic]. I must have made some determination, but, no, I do not recall what that determination was exactly . . . .

She stated three times that she was speculating about her decisions and reasoning with regard to the direct appeal, and she stated that she could not answer some questions without having access to her notes. Appellate counsel explained that she had numerous discussions with the movant and his significant other about which issues to address on appeal. But without her notes, appellate counsel stated that she could not testify whether they discussed the specific issue involved here.

We again observe that the movant was convicted of a total of 45 counts involving six different sexual offenses committed over an eight-year period, during which time some of the relevant statutes changed multiple times. Appellate counsel testified that, because of the complexity of the case, the movant's appeal took her longer to prepare than five average appeals combined. This Court issued its opinion on the direct appeal 16

9

months before the evidentiary hearing; thus, appellate counsel worked on the appeal long before she testified without benefit of her complete file and notes at the evidentiary hearing.

We evaluate the challenged conduct from appellate counsel's perspective at the time. *Holman*, 88 S.W.3d at 110. The game-playing in which post-conviction counsel engaged impairs our review. Post-conviction counsel denied appellate counsel access to her complete file and notes, which would have allowed appellate counsel to meaningfully testify to her handling of the direct appeal—her reasoning, decisions, and strategy—at the time she prepared the appeal. Without this critical information, appellate counsel was forced to speculate. Forcing appellate counsel to speculate about her reasoning and decisions robbed her testimony of its probative force, leaving the motion court and this Court with nothing substantial to evaluate. The movant bears the burden to rebut the presumption that counsel provided reasonable professional assistance, and that counsel made all decisions as part of her reasonable strategy. *Id.* On the record before us, this presumption is not overcome. Appellate counsel may have reasonably decided not to challenge certain counts that had no effect on the overall sentence the movant faced when the evidence on those counts was not clearly insufficient.

We affirm the motion court's judgment.

LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, JR., J., and
SHERRI B. SULLIVAN, J. concur.

10