

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CARLOS ROBERTS, | ) | No. ED102437 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: October 6, 2015 |

## Introduction

Carlos Roberts (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. In his sole point relied on, Movant claims that the motion court clearly erred by denying his motion without an evidentiary hearing because he alleged unrefuted facts that he was denied effective assistance of appellate counsel. Specifically, Movant alleges that appellate counsel unreasonably failed to claim on direct appeal that the trial court erred by refusing to instruct the jury on a lesser-included offense of voluntary manslaughter and that, had appellate counsel raised this claim, the appellate court likely would have granted a new trial. We affirm.

**Factual Background**

In March 2008, Movant repeatedly stabbed his "common-law" wife in the face, neck, and chest.[1] She did not survive the attack. A jury convicted Movant of second-degree murder, armed criminal action, and unlawful use of a weapon. The trial court entered a judgment consistent with the jury's verdict and sentenced Movant to concurrent terms of life imprisonment for the murder and armed criminal action convictions and a consecutive term of four years' imprisonment for the unlawful use of a weapon conviction. This Court affirmed the trial court's judgment and sentence on direct appeal. *See State v. Roberts*, 426 S.W.3d 669 (Mo. App. E.D. 2013).

Thereafter, Movant filed a pro se motion to vacate, set aside or correct the judgment or sentence. Appointed counsel subsequently filed an amended motion alleging that appellate counsel was "ineffective for failing to raise a preserved claim on direct appeal that the trial court erred in refusing to instruct the jury on the lesser[-]included offense of voluntary manslaughter" and, further, that had appellate counsel raised the claim, there was a reasonable probability that the appellate court would have granted Movant a new trial. Movant explained that evidence of "sudden passion" was allegedly introduced at trial, which would have supported submission of the lesser-included offense instruction to the jury, and further that the Missouri Supreme Court's decision in *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014), required submission of the instruction simply because Movant requested it. Under these circumstances, according to Movant, a reasonably competent attorney would have asserted the error and no reasonable strategy justified appellate counsel's failure to raise the issue. Movant asserted that he expected appellate counsel to testify that she had no reasonable strategy for failing to raise the issue on direct appeal.

---

[1] Missouri does not recognize common-law marriages. § 451.040.5 RSMo 2000.

The motion court denied Movant's motion without an evidentiary hearing. After reviewing the evidence at trial, the motion court found that nothing in the record supported submission of a voluntary manslaughter instruction and that the evidence cited by motion counsel "amounts to speculation at best . . . ." The motion court further found that appellate counsel could not be ineffective "for not anticipating a change in the law" and, thus, *Jackson* is not relevant to determining the reasonableness of appellate counsel's performance. Consequently, the motion court concluded that appellate counsel "was not ineffective as there is no reasonable probability [that] movant's murder conviction would have been reversed on appeal had this claim been raised." Movant appeals.

## Standard of Review

We review for clear error a motion court's ruling on a Rule 29.15 motion for post-conviction relief. *Trice v. State*, 344 S.W.3d 277, 278 (Mo. App. E.D. 2011). "The motion court's findings, conclusions and decisions are clearly erroneous only if review of the record as a whole leaves this Court with the firm and definite impression that a mistake has been made." *Id.*

## Discussion

In his sole point relied on, Movant claims that the motion court clearly erred by denying his motion without an evidentiary hearing because he alleged unrefuted facts that he was denied effective assistance of appellate counsel. Specifically, Movant alleges that appellate counsel unreasonably failed to claim on direct appeal that the trial court erred by refusing to instruct the jury on a lesser-included offense of voluntary manslaughter, "because there was evidence of sudden passion," and that had appellate counsel raised this claim the appellate court would likely have granted a new trial. In response, the State asserts that the motion court's decision was not clearly erroneous because Movant only pleaded conclusions, not facts, that appellate counsel's

performance was deficient and also because appellate counsel's decision not to raise the claim was not unreasonable.

Movant is entitled to an evidentiary hearing only if: "(1) he pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *McNeal v. State*, 412 S.W.3d 886, 889 (Mo. banc 2013). Thus, to obtain an evidentiary hearing on a claim of ineffective assistance of appellate counsel, Movant must plead facts, unrefuted by the record, alleging that appellate "counsel failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it" and that, had counsel raised the claim, "a reasonable probability [exists] that the outcome of the appeal would have been different." *Mallow v. State*, 439 S.W.3d 764, 770 (Mo. banc 2014) (citations and quotations omitted). Movant must overcome the presumption that the challenged action of appellate counsel constitutes a matter of appellate strategy. *Schallon v. State*, 435 S.W.3d 120, 124 (Mo. App. E.D. 2014). "Appellate counsel has no obligation to present every issue asserted in the motion for new trial when she makes a strategic decision to cull some arguments in favor of others." *Id.*

During trial, evidence was introduced that Movant and Victim had an estranged relationship and that Movant had threatened Victim numerous times after their separation. On the day of the murder, Movant and Victim were at the hospital because their daughter's children had been injured in a fire while in Movant's care. While at the hospital, Movant had urged Victim to come home with him, but Victim said she did not want to leave her daughter and grandchild at the hospital. Later in the evening, Movant and Victim exited the building to smoke. Witnesses observed Movant stabbing Victim with a knife and cutting his own wrists and throat. Witnesses yelled for help and for Movant to stop; when an unarmed security guard

4

confronted Movant, he briefly ceased the assault, but then returned to stabbing Victim. Movant did not stop the assault until a security guard drew a firearm. The State, in rebuttal, introduced the testimony of Dr. Michael Armour, who testified to "possible" scenarios to explain the event, including: (1) that Movant was upset, "brooding over the death of his grandson, and that the granddaughter was in the [intensive care unit] and [Victim] was leaving him, that Movant got upset and stabbed [Victim];" (2) that Movant blamed Victim for not being present when the fire occurred, Victim responded, and Movant got angry and stabbed Victim; and (3) that Victim blamed Movant for the house fire and Movant got angry and stabbed her.

"The crime of voluntary manslaughter is defined as causing the death of another person under circumstances that would constitute murder in the second degree, except that the death was caused under the influence of sudden passion arising from adequate cause[.]" *State v. Redmond*, 937 S.W.2d 205, 208 (Mo. banc 1996) (citation and quotations omitted). "'Sudden passion' is defined as 'passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation.'" *Zink v. State*, 278 S.W.3d 170, 183 (Mo. banc 2009) (quoting § 565.002(7) RSMo 2000). As noted, this "sudden passion" must arise from "adequate cause," which is defined as "'cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control[.]'" *Zink*, 278 S.W.3d at 183 (quoting § 565.002(1)).

"A court must instruct on a lesser-included offense only if the evidence established a basis for acquittal of the greater offense and conviction of the lesser-included offense." *State v. Hill*, 17 S.W.3d 157, 159 (Mo. App. E.D. 2000). A defendant is entitled to an instruction on the

5

lesser-included offense if it is "is supported by the evidence and any inferences which logically flow from the evidence." *State v. Hopson*, 891 S.W.2d 851, 852 (Mo. App. E.D. 1995).[2]

Here, the record does not logically support a finding of sudden passion arising from adequate cause. This is because there is no evidence that Victim engaged in conduct constituting "adequate cause" that would have provoked Movant to act with "sudden passion." No direct or circumstantial evidence indicates that Victim, for example, at the time of the stabbing, in any way threatened Movant through the display of a deadly weapon or otherwise threatened Movant through physical contact. *Compare, e.g., Redmond*, 937 S.W.2d at 208-09 (affirming conviction for voluntary manslaughter where victim threatened the defendant with a gun); *State v. Lowe*, 318 S.W.3d 812, 816 (Mo. App. W.D. 2010) (affirming conviction for voluntary manslaughter where testimony showed that victim had started a fight with the defendant before the defendant struck victim with a hammer, killing him); *State v. Henderson*, 311 S.W.3d 411, 412 (Mo. App. W.D. 2010) (affirming conviction for voluntary manslaughter where victim attempted to run-over the defendant with his truck, at which point the defendant shot at the truck, killing victim).

Movant relies on the testimony of Dr. Amour, but even assuming his testimony constituted probative evidence of the events as opposed to mere speculation, his theories about what may have happened would not have supported submission of the voluntary manslaughter instruction. Mainly, in the theoretical scenarios posed by Dr. Amour, either Victim's statements to Movant caused the stabbing or Movant's grief over his grandchildren in conjunction with the fact that Victim was leaving him, constituted the alleged "adequate cause" provoking Movant's

---

[2] On appeal, Movant does not argue that the Missouri Supreme Court's decision in *Jackson* changed the law. Instead, Movant asserts that *Jackson* "restated and affirmed previously existing law." Regardless of *Jackson*'s jurisprudential impact, we consider Movant's claim under the law as it existed at the time of Movant's direct appeal, which preceded *Jackson*. As the motion court correctly noted, counsel's performance is gauged by reference to the law existing at the time of trial and "failure to predict a change in the law is not ineffective assistance." *State v. Parker*, 886 S.W.2d 908, 923 (Mo. banc 1994).

6

"sudden passion." However, words alone, no matter how offensive, are insufficient to show adequate cause. *State v. Avery*, 120 S.W.3d 196, 205 (Mo. banc 2003). Moreover, to the extent that Victim's decision to leave Movant allegedly constituted adequate cause, Movant's knowledge of that fact occurred well before the stabbing. "[P]rior provocation can never be the sole cause of sudden passion . . . ." *Id*. And, Movant's grief over his grandchildren does not constitute sudden passion arising from adequate cause, given that the provocation must be directly caused by the Victim. *Zink*, 278 S.W.3d at 183.

Having reviewed the record, we conclude that the evidence at trial did not support submission of the lesser-included offense of voluntary manslaughter. Consequently, the trial court did not err by refusing to submit the lesser-included offense instruction and, accordingly, appellate counsel's decision not to claim instructional error on appeal was reasonable trial strategy. Counsel's performance is not defective for failure to raise a non-meritorious claim. *See Mason v. State*, 189 S.W.3d 708, 710 (Mo. App. W.D. 2006) ("We will not convict trial counsel of ineffective assistance for failing to do that which would have been a futile act." (citation and quotations omitted)). Under these circumstances, Movant has failed to adequately allege unrefuted facts that counsel's decision was not a matter of trial strategy or that counsel "failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Mallow*, 439 S.W.3d at 770 (citation and quotations omitted). It follows that no reasonable probability exists that the outcome of the appeal would have been different had counsel raised the claim. *See id*.

In sum, Movant failed to meet his burden of pleading unrefuted facts that would entitle him to post-conviction relief.[3]  Accordingly, the motion court did not err by denying Movant's Rule 29.15 motion for post-conviction relief without an evidentiary hearing.  Point denied.

**Conclusion**

The judgment of the motion court is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

---

[3] We also note that, although we have considered the merits of the amended motion, Movant's motion merely raises conclusory allegations, not facts.  Movant, for example, does not plead facts explaining why appellate counsel failed to raise the claim.  Movant's failure in this regard is grounds, by itself, for denying Movant post-conviction relief. *See Davis v. State*, 453 S.W.3d 882, 886 (Mo. App. E.D. 2015) ("A movant must come forward with facts, not mere conclusory allegations, in order to support a post-conviction motion.").